[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on the petitioner father's motion for custody of the minor child, Kayla. At the time of the filing of the motion, neglect petitions were pending in this Court related to Kayla and her half-siblings. An interstate study of the father's home was ordered by the Court on April 16, 1996. The children had been removed from the state of Connecticut by their mother. Pursuant to orders of this Court entered under Connecticut General States Section 46b-109(b) of the Uniform Child Custody Jurisdiction Act, the children were returned to this state from the state of Louisiana on July 16, 1996. Said CT Page 5253-X orders also directed that the mother and the father of Kayla's half-siblings appear in Court on July 16, 1996. The mother appeared. Father of Kayla's half-siblings did not.
An Order of Temporary Custody was entered on July 16, 1996, placing custody of the three children with the maternal grandmother. Further orders required that the children not be removed from the State of Connecticut, the father of the half-siblings of Kayla was to have no contact with any of the three children until further order of the Court, and the mother was not to be permitted to be unsupervised with the children. All of these orders were entered without prejudice to any action on the father's motion for custody of Kayla.
In considering this motion, the Court takes judicial notice of the entire court file.
Based upon the evidence adduced the Court makes the following findings:
 1. The mother's night from this jurisdiction with the children after service of the neglect petitions and her failure to appear in Court on April 16, 1996 evidence gross disrespect for the law and raise questions about her character which the Court finds to be relevant to the welfare of this child.
 2. The testimony of the Department of Children and Families social worker, Helen Okonkwo is found to be credible. In view of the mother's statements to the social worker the Court finds the mother's judgment regarding the best interest of Kayla to be questionable.
 3. No substantial evidence has presented to establish that it would be detrimental to Kayla to be in the custody of her father.
 4. Considering all of the circumstances at this time, the Court finds that it would be in Kayla's best interest to be placed in the temporary custody of her father, subject to the following:
 1. Kayla shall have phone contact with her maternal grandmother, and mother at least twice CT Page 5253-Y per week, on a schedule to be established by the child's attorney.
 2. Kayla shall have contact with her attorney, with reasonable frequency, as deemed appropriate by her attorney.
 3. This temporary custody shall be supervised by the Division of Family Services in Missouri.
 4. This Court will retain jurisdiction over this matter until further order of this Court.
 5. Kayla's attorney shall be provided with written authorizations to contact any individuals or agencies regarding Kayla and to obtain any and all information regarding Kayla.
 6. The father shall provide Kayla's attorney with her school schedule. Kayla's counsel shall review same and arrange for a visitation in Connecticut during Kayla's Christmas recess from school. If the parties cannot agree on same, the matter should be scheduled for a hearing in court no later than November 15, 1996.
 7. The mother shall be entitled to supervised visitation in Missouri should she elect to travel there. Such visitation shall include the maternal grandmother and Kayla's half-siblings to the extent possible. In entering this order the Court is mindful of the fact that the maternal grandmother has taken a leave of absence from her employment to care for the children, which would allow the mother the flexibility of seeking and obtaining income producing employment.
 8. These orders shall be effective upon the father's arrival in Connecticut to pick up the child.
Judge Maureen Dennis CT Page 5253-Z